ORIGINAL

FILED

E-filing

AUG 2 7 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
OAKLAND CALIFORNIA

1   Robert R. Pohls (California Bar #131021)
    Jason G. Gong (California Bar #181298)
2   Stacey L. Leask (California Bar #233281)
    **POHLS & ASSOCIATES**
3   12657 Alcosta Boulevard, Suite 150
    San Ramon, California 94583
4   Telephone: (925) 973-0300
    Facsimile: (925) 973-0330
5
6   Attorneys for Defendant **CoreSource, Inc.**

ADR

7                    **UNITED STATES DISTRICT COURT**

8                  **NORTHERN DISTRICT OF CALIFORNIA**

9                                          C07-04416 EDL

10  JOHN MUIR MEDICAL CENTER HEALTH,        Case No.
    a California nonprofit public benefit
11  corporation,                            **NOTICE OF REMOVAL OF CIVIL ACTION**
                                            **TO THE UNITED STATES DISTRICT COURT**
12          Plaintiff,
            vs.
13
    SCIOS, INC, a California for profit corporation;
14  CORESOURCE, INC. a Delaware for profit
    corporation; and DOES 1 THROUGH 25,
15  INCLUSIVE,
16          Defendants.
17

18  TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF

19  CALIFORNIA:

20          PLEASE TAKE NOTICE that defendant CoreSource, Inc. ("CoreSource") hereby

21  removes this action to the United States District Court for the Northern District of California, on

22  the grounds set forth below:

            1. On June 27, 2007, an action was commenced in the Superior Court of the State of

    California, County of Contra Costa, entitled *John Muir Medical Center Health, Plaintiff v. Scios,*

    *Inc., et al., Defendants*, as Case No. L-07-03956 (the "Action"). On July 19, 2007, plaintiff filed

    a First Amended Complaint ("FAC") in the Action. A copy of the FAC is attached to this notice

    as Exhibit 1.

    /

1    2.  The first date upon which CoreSource received a copy of the FAC in the Action was

2    July 26, 2007, when the summons and FAC were served on its agent CT Corporation System.

3    3.  Copies of the summons, complaint, civil cover sheet, notice to plaintiffs in limited

4    jurisdiction civil actions, case management statement form (blank), case questionnaire for

5    limited civil actions (under $25,000), issue conference statement form (blank), notice of case

6    management conference, alternative dispute resolution information statement, amended

7    summons, which were among the documents from the Action that plaintiff served on CT

8    Corporation System for service of process on July 26, 2007 are collectively attached to this

9    notice as Exhibit 2.

10    4.  The Action is a civil action of which this Court has original jurisdiction under 28

11    U.S.C. Section 1331 and is one which may be removed to this Court pursuant to the provisions

12    of 28 U.S.C. Section 1441(b).

13    5.  CoreSource is informed and believes, and on that basis alleges, that the claims set

14    forth in the FAC relate to an employee benefit plan that is governed by the Employee

15    Retirement Income and Security Act of 1974 ("ERISA").  Federal question jurisdiction therefore

16    exists under 29 U.S.C. Section 1331.

17    6.  CoreSource is informed and believes, and on that basis alleges, that plaintiff is a

18    nonprofit public benefit corporation which, at all times mentioned in the FAC, was organized

19    and existing pursuant to the laws of the State of California and having its principal place of

20    business in the City of Walnut Creek, California.  CoreSource is further informed and believes,

21    and on that basis alleges that, at all times alleged in the FAC, plaintiff was acting under an

22    assignment given by the patient to whom plaintiff rendered medical service, which patient is a

23    citizen of the State of California.

24    7.  CoreSource is a corporation, organized and existing under the laws of the State of

25    Delaware and having its principal place of business in the State of Illinois.

26    8.  CoreSource is informed and believes, and on that basis alleges, that defendant

27    Scios, Inc. consents to the removal of this action and that no other defendant has been served

28    with the summons and FAC in the Action.

**NOTICE OF REMOVAL OF CIVIL ACTION**
**TO THE UNITED STATES DISTRICT COURT**                                                                                      **Page 2**

1     9. Under 28 U.S.C. Section 1441(a), venue is proper within the Northern District of

2 California because the Action was pending in the California Superior Court in and for the

3 County of Contra Costa at the time of its removal. Venue also is proper within the Northern

4 District of California because CoreSource conducts business within this jurisdiction.

5 CoreSource also is informed and believes, and on that basis alleges, that venue is proper

6 within the Northern District of California because plaintiff, at all times alleged in the FAC, was

7 acting under an assignment given by the patient for whom medical services were rendered by

8 the plaintiff, which patient resides within this jurisdiction.

9     10. A notice of filing this notice of removal and related notice of stay of proceedings are

10 concurrently being filed with the Superior Court of the State of California, County of Contra

11 Costa and are concurrently being served on plaintiff.

12

13                         **POHLS & ASSOCIATES**

14

15

16                         Robert R. Pohls
                        Jason G. Gong

17                         Stacey L. Leask
                        Attorneys for Defendant **CoreSource, Inc.**

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL OF CIVIL ACTION
TO THE UNITED STATES DISTRICT COURT**                           **Page 3**

1

## PROOF OF SERVICE

2

***John Muir Medical Center Health v. Scios, Inc., et al. Contra Costa
County Superior Court Case No. L-07-03956***

3

***U.S. District Court, Northern District of California, Case No.*** (not yet assigned)

4

5

    I, Stacey L. Leask, declare that I am over the age of eighteen years, and not a party to

6

this action or proceeding. My business address is 12657 Alcosta Boulevard, Suite 150, San Ramon, CA 94583. On August 27, 2007, I caused the following document(s) to be served:

7

8

### NOTICE OF REMOVAL OF CIVIL ACTION
### TO THE UNITED STATES DISTRICT COURT

9

10

11

 in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

12

13

14

15

        Susan H. Hua, Esq.

16

        ***Stephenson, Acquisto & Colman***
        303 North Glenoaks Boulevard #700

17

        Burbank, California 91502-3226

18

I declare under penalty of perjury under the laws of the United States of America that the

19

foregoing is true and correct. Executed on August 27, 2007, at San Ramon, California.

20

21

22

                        Stacey L. Leask

23

24

25

26

27

28

*EXHIBIT 1*

1  STEPHENSON, ACQUISTO & COLMAN
2  JOY Y. STEPHENSON, ESQ.  (SBN 113755)
   BARRY SULLIVAN, ESQ.    (SBN 136571)
3  SUSAN H. HUA, ESQ.  (SBN 243388)
4  303 N. Glenoaks Blvd., Suite 700
   Burbank, CA 91502
5
6  Telephone:  (818) 559-4477
   Facsimile:  (818) 559-5484
7
   Attorneys for Plaintiff
8  John Muir Medical Center Health

FILED

2007 JUL 19 P 2: 35

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.
BY: _____
      J. Huie, Deputy Clerk

PER LOCAL RULE 5 THIS
CASE IS ASSIGNED TO
DEPT _____ 22

SUMMONS ISSUED

9              SUPERIOR COURT OF CALIFORNIA

10            FOR THE COUNTY OF CONTRA COSTA

11                 LIMITED JURISDICTION

12

13  JOHN MUIR MEDICAL CENTER          Case No.: L07-03956
14  HEALTH, a California nonprofit public
    benefit corporation,              AMDENDED COMPLAINT FOR
15                                    DAMAGES FOR:
                  Plaintiff,
16                                    1.   BREACH OF WRITTEN
17       vs.                               CONTRACT;

18  SCIOS, INC., a California for profit   2.   BREACH OF CAL. HEALTH &
    corporation; CORESOURCE, INC., a            SAFETY CODE § 1371.4; AND
19  Delaware for profit corporation; and
20  DOES 1 THROUGH 25, INCLUSIVE   3.   INTENTIONAL
21                                      INTERFERENCE WITH
                  Defendants.           CONTRACTUAL RELATIONS.
22

23

24

25

26         Plaintiff JOHN MUIR MEDICAL CENTER HEALTH d/b/a JOHN

27  MUIR MEDICAL CENTER MEDICAL CENTER is informed and believes and

28  hereon alleges:

## **PARTIES**

1.    Plaintiff JOHN MUIR MEDICAL CENTER HEALTH ("John Muir Medical Center Medical Center") is a nonprofit public benefit corporation organized and existing pursuant to the laws of the State of California.  John Muir Medical Center Medical Center has its principal place of operation in the City of Walnut Creek, County of Contra Costa, State of California.  John Muir Medical Center Medical Center operates the John Muir Medical Center Medical Center, Walnut Creek Campus and the John Muir Medical Center Medical Center, Concord Campus.  John Muir Medical Center Medical Center renders medically necessary care to patients.

2.    Defendant SCIOS, INC. ("Scios") is a for profit corporation organized and existing pursuant to the laws of the State of Delaware.  Scios has its principal place of business in Fremont, County of Alameda, California.

3.    Defendant CORESOURCE, INC. ("CoreSource") is a for profit corporation organized and existing pursuant to the laws of the State of Delaware.  CoreSource has its principal place of business in Illinois.

4.    John Muir Medical Center is unaware of the true names and capacities, whether corporate, associate, individual, partnership or otherwise of defendants Does 1 through 25, inclusive, and therefore sues such defendants by such fictitious names.  John Muir Medical Center will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

5.    Scios and Does 1 through 12, inclusive, shall be collectively

1  referred to as Scios. CoreSource and Does 13 through 25, inclusive, shall be

2  collectively referred to as CoreSource.

4       6.    Defendants, and each of them, at all relevant times, have

5  transacted business in the State of California. The violations alleged within this

6  complaint have been and are being carried out in the State of California.

8  ~~7.    At all relevant times each of the defendants, including the~~

9  defendants named "Doe," was and is the agent, employee, employer, joint

10  venturer, representative, alter ego, subsidiary, and/or partner of one or more of the

11  other defendants, and was, in performing the acts complained of herein, acting

12  within the scope of such agency, employment, joint venture, or partnership

13  authority, and/or is in some other way responsible for the acts of one or more of the

14  other defendants.

16  ## COMMON FACTUAL BACKGROUND

18       8.    At all relevant times, Private Health Care Systems ("PHCS")

19  had entered into various written contracts with hospitals and physicians

20  (collectively, the "PHCS Contract"). According to the PHCS Contract, hospitals

21  and/or physicians agreed to render medically necessary care to individual enrollees

22  of health plans, which health plans were registered with PHCS as "Payor"

23  signatories to the PHCS Contract. In exchange, each such Payor agreed to pay

24  such hospitals and/or physicians for the medically necessary care rendered to the

25  individual enrollees of that Payor's health plan.

27       9.    At all relevant times, Scios had registered with PHCS as a

28  Payor signatory to the PHCS Contract and hence agreed to pay hospitals and/or

1  physicians for the medically necessary care rendered to the individual enrollees of

2  Scios' health plan pursuant to the terms of the PHCS Contract.

3

4          10.    At all relevant times, John Muir Medical Center had entered

5  into the PHCS Contract as a provider of medically necessary care for the benefit of

6  all individual enrollees of health plans who were registered as Payor signatories

7  under that contract.

8

9          11.    Thus, under the PHCS Contract, John Muir Medical Center

10  agreed to render medically necessary care to the individual enrollees of Scios'

11  health plan; in exchange, Scios agreed to pay John Muir Medical Center the

12  negotiated rates pursuant to the terms of the PHCS Contract for that care.  In

13  general, the negotiated rates under the PHCS Contract provided for medically

14  necessary care to be paid at a discount off of John Muir Medical Center's usual and

15  customary total billed charges.  Under the PHCS Contract, John Muir Medical

16  Center agreed to submit bills to Scios and/or Scios' agent reflecting John Muir

17  Medical Center's usual and customary total billed charges associated with

18  rendering medically necessary care to the individual enrollees of Scios' health

19  plan. In exchange, Scios agreed to process and pay such claims according to the

20  PHCS Contract (*i.e.*, John Muir Medical Center's usual and customary total billed

21  charges less a specified discount).

22

23          12.    At all relevant times, a patient whose date of birth was August

24  03, 1971 ("Patient No. 5555513705") was an individual enrollee of Scios' health

25  plan.

26

27          13.    On May 14, 2003, Patient No. 5555513705 was admitted to

28  John Muir Medical Center's emergency room as a trauma patient.  Patient

1    5555513705 was then discharged on May 17, 2003. During that stay, John Muir

2    Medical Center rendered medically necessary care to Patient No. 5555513705.

3

4            14.    On or about May 15, 2003, an employee of CoreSource, which

5    corporation was either an agent of Scios, or the agent of an agent of Scios, verified

6    Patient No. 5555513705 was enrolled in Scios' health plan, and Patient No.

7    5555513705's PPO plan included no deductible, a $2,000,000 lifetime maximum,

8    ~~and paid pursuant to 100% of the PHCS Contract rates.~~

9

10           15.    John Muir Medical Center's usual and customary total billed

11    charges for rendering the medically necessary care to Patient No. 5555513705

12    from May 14, 2003 through May 17, 2003 amounted to $33,692.78. Thus,

13    according to the PHCS Contract, Scios owed John Muir Medical Center a balance

14    of $29,649.05, after application of the PHCS Contract's trauma rate discount of

15    12% off John Muir Medical Center's regular billing rates.

16

17           16.    Shortly after Patient No. 5555513705's discharge on or about

18    May 17, 2003, John Muir Medical Center submitted the final bill regarding Patient

19    No. 5555513705 for payment by Scios, which bill reflected John Muir Medical

20    Center's usual and customary total billed charges of $33,692.78.

21

22           17.    Scios, through CoreSource, paid John Muir Medical Center a

23    total of $21,701.18 as payment for the medically necessary care rendered to Patient

24    No. 5555513705.

25

26           18.    However, Scios failed to pay John Muir Medical Center for the

27    remaining balance of $7,948.46 for the medically necessary care rendered to

28    Patient No. 5555513705 pursuant to the PHCS Contract's rates, despite demands

1 | thereof (the "Contract Amount Due").

2

3 |     19.     John Muir Medical Center reasonably relied on Scios' agent's

4 | (and/or Scios' agent's agent's) representations that: i) Patient No. 5555513705 was

5 | an enrollee of John Muir Medical Center's health plan, and, ii) that John Muir

6 | Medical Center would be paid pursuant to the negotiated rates within the PHCS

7 | Contract – and thus was induced to not make other financial arrangements to

8 | obtain payment for the medically necessary care eventually rendered to Patient No.

9 | 5555513705.

10

11 |     20.     John Muir Medical Center has now exhausted all available

12 | administrative remedies to appeal Scios' refusal to pay the Contract Amount Due

13 | for the medically necessary care rendered to Patient No. 5555513705.

14

15 | ### FIRST CAUSE OF ACTION

16 | (Breach of Written Contract)

17 | (Against defendants Scios

18 | (and/or including Does 1 through 12, inclusive))

19

20 |     21.     John Muir Medical Center incorporates by reference and re-

21 | alleges paragraphs 1 through 20 here as though set forth in full.

22

23 |     22.     As stated above, under the written PHCS Contract, John Muir

24 | Medical Center agreed to render medically necessary care to the individual

25 | enrollees of Scios' health plan; in exchange for which Scios agreed to pay John

26 | Muir Medical Center pursuant to the negotiated rates under the PHCS Contract.

27

28 |     23.     John Muir Medical Center performed all conditions, covenants,

1  and promises required on its part to be performed in accordance with the terms and

2  conditions of the PHCS Contract.

3

4        24.    John Muir Medical Center demanded Scios to perform its

5  obligations to pay John Muir Medical Center the Contract Amount Due for the

6  medically necessary care rendered to Patient No. 5555513705.

7

8        ~~25.    Scios breached the PHCS Contract by failing to pay John Muir~~

9  Medical Center the Contract Amount Due.

10

11        26.    As a result of the breach by Scios, John Muir Medical Center

12  suffered damages in the sum of $7,948.46.

13

14        **SECOND CAUSE OF ACTION**

15        (Violation of Cal. Health & Safety Code §1371.4)

16        (Against defendants Scios

17        (and/or including Does 1 through 12, inclusive))

18

19        27.    John Muir Medical Center incorporates by reference and re-

20  alleges paragraphs 1 through 20 here as though set forth in full.

21

22        28.    John Muir Medical Center alleges on information and belief

23  that at all relevant times, Scios was a health care service plan, and pursuant to Cal.

24  Health & Safety Code §1371.4(b), was under a statutory duty to pay for emergency

25  services and care provided to its enrollee, through stabilization.

26

27        29.    On May 14, 2003, Patient No. 5555513705 was admitted on an

28  emergency basis and treated in John Muir Medical Center's Trauma Intensive Care

1  Unit, whereby John Muir Medical Center rendered medically necessary care to

2  Patient No. 5555513705 and duly performed all obligations on its part pursuant to

3  Cal. Health & Safety Code §1371.4.

4

5      30.    Scios has denied payment to John Muir Medical Center for

6  emergency services and care the John Muir Medical Center rendered to Scios'

7  health plan enrollee, Patient No. 5555513705.

8

9      31.    Therefore, Scios violated Health & Safety Code §1371.4, and

10  John Muir Medical Center was damaged by that violation, in the amount of

11  $7,948.46, which represents the

12

13              **THIRD CAUSE OF ACTION**

14          (Intentional Interference With Contractual Relations)

15              (Against defendants CoreSource

16          (and/or including Does 13 through 25, inclusive))

17

18      32.    John Muir Medical Center incorporates by reference and re-

19  alleges paragraphs 1 through 20 here as though set forth in full.

20

21      33.    The PHCS Contract constituted a valid contract between John

22  Muir Medical Center and Scios.

23

24      34.    CoreSource was aware of the existence of the PHCS Contract,

25  and specifically knowledgeable that the PHCS Contract existed between John Muir

26  Medical Center and Scios.

27

28      35.    CoreSource improperly, unfairly, maliciously, fraudulently,

1 | and/or oppressively interfered in the aforementioned contractual relations between

2 | John Muir Medical Center and Scios by convincing Scios to withhold full and

3 | proper payment to John Muir Medical Center regarding Patient No. 5555513705.

4 |

5 | 36.   In reality, Scios had no right to withhold that proper payment to

6 | John Muir Medical Center.  John Muir Medical Center is informed and believes

7 | and thereon alleges that CoreSource knew Scios had no such right and counseled

8 | Scios to withhold full payment in the belief that John Muir Medical Center would

9 | compromise the full amount of its claim simply due to a desire to avoid the

10 | expense and effort needed to collect the proper amount due (and not because of

11 | any substantive merit to CoreSource's counsel) and that CoreSource would be

12 | compensated based upon a percentage of such ill-gotten gain, had John Muir

13 | Medical Center capitulated.

14 |

15 | 37.   As a direct and proximate result of the aforementioned

16 | intentional conduct, CoreSource induced Scios to abjure from its contractual duty

17 | to fully pay John Muir Medical Center, as described above.  Consequently, John

18 | Muir Medical Center has suffered damages in the sum of $7,948.46.

19 |

20 | **PRAYER FOR RELIEF**

21 |

22 | **WHEREFORE,** John Muir Medical Center prays for judgment as follows:

23 |

24 | For the First and Second Cause of Action:

25 |

26 | 1.   for the principal sum of $7,948.46;

27 |

28 | 2.   for interest on such principal sum at the rate of fifteen percent

1 | (15%) per annum, pursuant to Cal. Health & Safety Code §1371;

2

3 | For the Third Cause of Action:

4

5 |        3.      for the principal sum of $7,948.46; and,

6

7 |        4.      for punitive damages pursuant to Cal. Civ. Code § 3294; and,

8

9 | For All Causes of Action;

10

11 |        5.      for attorney's fees;

12

13 |        6.      for all costs of suit incurred herein; and,

14

15 |        7.      for such other and further relief as the Court deems just and

16 | proper.

17

18 | Dated: 16 July 2007

19

20 |           STEPHENSON, ACQUISTO & COLMAN

21

22

23 |                      SUSAN HUA
                       Attorneys for

24 |                     JOHN MUIR HEALTH

25

26

27

28

# *EXHIBIT 2*

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SCIOS, INC., a California for profit corporation;
CORESOURCE, INC., a California for profit
corporation; and DOES 1 THROUGH 25, INCLUSIVE

<strong>FOR COURT USE ONLY</strong><br/>
<em>(SOLO PARA USO DE LA CORTE)</em>



2007 JUN 27 P 1: 29

K TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.

BY_____
J. Felix, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN MUIR MEDICAL CENTER HEALTH, a California
nonprofit public benefit corporation

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: <br/> *(El nombre y dirección de la corte es):* <br/> CONTRA COSTA SUPERIOR COURT <br/> 725 Court Street <br/><br/> Martinez, CA 94553 <br/> Wakefield Taylor Courthouse | **CASE NUMBER** <br/> *(Número del Caso)*: <br/> **C 0 7 - 0 3 9 5 6** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Susan H. Hua, Esq., 243388      818-559-4477      818-559-5484
Stephenson, Acquisto & Colman
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502

| DATE: **JUN 27 2007** | Clerk, by | **J. FELIX** | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]



**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

9-22-07  1:50 P.M.

AMENDED

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SCIOS, INC., a California for profit corporation;
CORESOURCE, INC., a Delaware for profit corporation;
and DOES 1 THROUGH 25, INCLUSIVE

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED

2007 JUL 19  P 2: 34

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.

BY: _____
J. Felix, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN MUIR MEDICAL CENTER HEALTH, a California
nonprofit public benefit corporation

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>CONTRA COSTA SUPERIOR COURT<br>725 Court Street<br><br>Martinez, CA 94553<br>Wakefield Taylor Courthouse | CASE NUMBER:<br>*(Número del Caso):* **L07-03956** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Susan H. Hua, Esq., 243388                     818-559-4477     818-559-5484
Stephenson, Acquisto & Colman
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502        JUL 19 2007

DATE:                                Clerk, by _____ **J. FELIX** _____ , Deputy
*(Fecha)*                            *(Secretario)*    J. FELIX              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* CoreSource Inc, a Delaware for profit corporation

under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

1 │ STEPHENSON, ACQUISTO & COLMAN
2 │ JOY Y. STEPHENSON, ESQ. (SBN 113755)
   │ BARRY SULLIVAN, ESQ.    (SBN 136571)
3 │ SUSAN H. HUA, ESQ.   (SBN 243388)
4 │ 303 N. Glenoaks Blvd., Suite 700
   │ Burbank, CA 91502
5 │
6 │ Telephone:  (818) 559-4477
   │ Facsimile:   (818) 559-5484
7 │
   │ Attorneys for Plaintiff
8 │ John Muir Medical Center Health

FILED

2007 JUN 27 P 1:29

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA CALIF.

BY _____ , Deputy Clerk

PER LOCAL RULE 5 THIS
CASE IS ASSIGNED TO
DEPT _____

9 │ SUPERIOR COURT OF CALIFORNIA

SUMMONS ISSUED

10 │ FOR THE COUNTY OF CONTRA COSTA

11 │ LIMITED JURISDICTION

12 │

13 │ JOHN MUIR MEDICAL CENTER          Case No.:  L0 7- 0 3 95 6
14 │ HEALTH, a California nonprofit public
   │ benefit corporation,                       COMPLAINT FOR DAMAGES FOR:
15 │
16 │          Plaintiff,                         1.   BREACH OF WRITTEN
   │                                                  CONTRACT;
17 │      vs.
   │                                             2.   BREACH OF CAL. HEALTH &
18 │ SCIOS, INC., a California for profit             SAFETY CODE § 1371.4; AND
   │ corporation; CORESOURCE, INC., a
19 │ California for profit corporation; and      3.   INTENTIONAL
20 │ DOES 1 THROUGH 25, INCLUSIVE                     INTERFERENCE WITH
   │                                                  CONTRACTUAL RELATIONS.
21 │          Defendants.
22 │
23 │
24 │
25 │
26 │          Plaintiff JOHN MUIR MEDICAL CENTER HEALTH d/b/a JOHN
27 │ MUIR MEDICAL CENTER MEDICAL CENTER is informed and believes and
28 │ hereon alleges:

2956 Complaint                    - 1 -    COMPLAINT FOR DAMAGES

1

2                                    **PARTIES**

3

4           1.      Plaintiff JOHN MUIR MEDICAL CENTER HEALTH ("John

5    Muir Medical Center Medical Center") is a nonprofit public benefit corporation

6    organized and existing pursuant to the laws of the State of California.  John Muir

7    Medical Center Medical Center has its principal place of operation in the City of

8    Walnut Creek, County of Contra Costa, State of California.  John Muir Medical

9    Center Medical Center operates the John Muir Medical Center Medical Center,

10   Walnut Creek Campus and the John Muir Medical Center Medical Center,

11   Concord Campus.  John Muir Medical Center Medical Center renders medically

12   necessary care to patients.

13

14          2.      Defendant SCIOS, INC. ("Scios") is a for profit corporation

15   organized and existing pursuant to the laws of the State of Delaware.  Scios has its

16   principal place of business in Fremont, County of Alameda, California.

17

18          3.      Defendant CORESOURCE, INC. ("CoreSource") is a for profit

19   corporation organized and existing pursuant to the laws of the State of Delaware.

20   CoreSource has its principal place of business in Illinois.

21

22          4.      John Muir Medical Center is unaware of the true names and

23   capacities, whether corporate, associate, individual, partnership or otherwise of

24   defendants Does 1 through 25, inclusive, and therefore sues such defendants by

25   such fictitious names.  John Muir Medical Center will seek leave of the Court to

26   amend this complaint to allege their true names and capacities when ascertained.

27

28          5.      Scios and Does 1 through 12, inclusive, shall be collectively

2956 Complaint                          - 2 -      COMPLAINT FOR DAMAGES

1  referred to as Scios.  CoreSource and Does 13 through 25, inclusive, shall be
2  collectively referred to as CoreSource.

4       6.     Defendants, and each of them, at all relevant times, have
5  transacted business in the State of California.  The violations alleged within this
6  complaint have been and are being carried out in the State of California.

8       7.     At all relevant times each of the defendants, including the
9  defendants named "Doe," was and is the agent, employee, employer, joint
10  venturer, representative, alter ego, subsidiary, and/or partner of one or more of the
11  other defendants, and was, in performing the acts complained of herein, acting
12  within the scope of such agency, employment, joint venture, or partnership
13  authority, and/or is in some other way responsible for the acts of one or more of the
14  other defendants.

16               **COMMON FACTUAL BACKGROUND**

18       8.     At all relevant times, Private Health Care Systems ("PHCS")
19  had entered into various written contracts with hospitals and physicians
20  (collectively, the "PHCS Contract").  According to the PHCS Contract, hospitals
21  and/or physicians agreed to render medically necessary care to individual enrollees
22  of health plans, which health plans were registered with PHCS as "Payor"
23  signatories to the PHCS Contract.  In exchange, each such Payor agreed to pay
24  such hospitals and/or physicians for the medically necessary care rendered to the
25  individual enrollees of that Payor's health plan.

27       9.     At all relevant times, Scios had registered with PHCS as a
28  Payor signatory to the PHCS Contract and hence agreed to pay hospitals and/or

1 physicians for the medically necessary care rendered to the individual enrollees of

2 Scios' health plan pursuant to the terms of the PHCS Contract.

3

4          10.     At all relevant times, John Muir Medical Center had entered

5 into the PHCS Contract as a provider of medically necessary care for the benefit of

6 all individual enrollees of health plans who were registered as Payor signatories

7 under that contract.

8

9          11.     Thus, under the PHCS Contract, John Muir Medical Center

10 agreed to render medically necessary care to the individual enrollees of Scios'

11 health plan; in exchange, Scios agreed to pay John Muir Medical Center the

12 negotiated rates pursuant to the terms of the PHCS Contract for that care.  In

13 general, the negotiated rates under the PHCS Contract provided for medically

14 necessary care to be paid at a discount off of John Muir Medical Center's usual and

15 customary total billed charges.  Under the PHCS Contract, John Muir Medical

16 Center agreed to submit bills to Scios and/or Scios' agent reflecting John Muir

17 Medical Center's usual and customary total billed charges associated with

18 rendering medically necessary care to the individual enrollees of Scios' health

19 plan.  In exchange, Scios agreed to process and pay such claims according to the

20 PHCS Contract (*i.e.*, John Muir Medical Center's usual and customary total billed

21 charges less a specified discount).

22

23          12.     At all relevant times, a patient whose date of birth was August

24 03, 1971 ("Patient No. 5555513705") was an individual enrollee of Scios' health

25 plan.

26

27          13.     On May 14, 2003, Patient No. 5555513705 was admitted to

28 John Muir Medical Center's emergency room as a trauma patient.  Patient

1 | 5555513705 was then discharged on May 17, 2003. During that stay, John Muir
2 | Medical Center rendered medically necessary care to Patient No. 5555513705.

3

4 |     14.    On or about May 15, 2003, an employee of CoreSource, which
5 | corporation was either an agent of Scios, or the agent of an agent of Scios, verified
6 | Patient No. 5555513705 was enrolled in Scios' health plan, and Patient No.
7 | 5555513705's PPO plan included no deductible, a $2,000,000 lifetime maximum,
8 | and paid pursuant to 100% of the PHCS Contract rates.

9

10 |     15.    John Muir Medical Center's usual and customary total billed
11 | charges for rendering the medically necessary care to Patient No. 5555513705
12 | from May 14, 2003 through May 17, 2003 amounted to $33,692.78. Thus,
13 | according to the PHCS Contract, Scios owed John Muir Medical Center a balance
14 | of $29,649.05, after application of the PHCS Contract's trauma rate discount of
15 | 12% off John Muir Medical Center's regular billing rates.

16

17 |     16.    Shortly after Patient No. 5555513705's discharge on or about
18 | May 17, 2003, John Muir Medical Center submitted the final bill regarding Patient
19 | No. 5555513705 for payment by Scios, which bill reflected John Muir Medical
20 | Center's usual and customary total billed charges of $33,692.78.

21

22 |     17.    Scios, through CoreSource, paid John Muir Medical Center a
23 | total of $21,701.18 as payment for the medically necessary care rendered to Patient
24 | No. 5555513705.

25

26 |     18.    However, Scios failed to pay John Muir Medical Center for the
27 | remaining balance of $7,948.46 for the medically necessary care rendered to
28 | Patient No. 5555513705 pursuant to the PHCS Contract's rates, despite demands

1  thereof (the "Contract Amount Due").

2

3          19.    John Muir Medical Center reasonably relied on Scios' agent's

4  (and/or Scios' agent's agent's) representations that: i) Patient No. 5555513705 was

5  an enrollee of John Muir Medical Center's health plan, and, ii) that John Muir

6  Medical Center would be paid pursuant to the negotiated rates within the PHCS

7  Contract – and thus was induced to not make other financial arrangements to

8  obtain payment for the medically necessary care eventually rendered to Patient No.

9  5555513705.

10

11          20.    John Muir Medical Center has now exhausted all available

12  administrative remedies to appeal Scios' refusal to pay the Contract Amount Due

13  for the medically necessary care rendered to Patient No. 5555513705.

14

15                    **FIRST CAUSE OF ACTION**

16                      (Breach of Written Contract)

17                       (Against defendants Scios

18              (and/or including Does 1 through 12, inclusive))

19

20          21.    John Muir Medical Center incorporates by reference and re-

21  alleges paragraphs 1 through 20 here as though set forth in full.

22

23          22.    As stated above, under the written PHCS Contract, John Muir

24  Medical Center agreed to render medically necessary care to the individual

25  enrollees of Scios' health plan; in exchange for which Scios agreed to pay John

26  Muir Medical Center pursuant to the negotiated rates under the PHCS Contract.

27

28          23.    John Muir Medical Center performed all conditions, covenants,

2956 Complaint                     - 6 -    COMPLAINT FOR DAMAGES

1    and promises required on its part to be performed in accordance with the terms and

2    conditions of the PHCS Contract.

3

4            24.    John Muir Medical Center demanded Scios to perform its

5    obligations to pay John Muir Medical Center the Contract Amount Due for the

6    medically necessary care rendered to Patient No. 5555513705.

7

8            25.    Scios breached the PHCS Contract by failing to pay John Muir

9    Medical Center the Contract Amount Due.

10

11           26.    As a result of the breach by Scios, John Muir Medical Center

12   suffered damages in the sum of $7,948.46.

13

14                           **SECOND CAUSE OF ACTION**

15                   (Violation of Cal. Health & Safety Code §1371.4)

16                           (Against defendants Scios

17                   (and/or including Does 1 through 12, inclusive))

18

19           27.    John Muir Medical Center incorporates by reference and re-

20   alleges paragraphs 1 through 20 here as though set forth in full.

21

22           28.    John Muir Medical Center alleges on information and belief

23   that at all relevant times, Scios was a health care service plan, and pursuant to Cal.

24   Health & Safety Code §1371.4(b), was under a statutory duty to pay for emergency

25   services and care provided to its enrollee, through stabilization.

26

27           29.    On May 14, 2003, Patient No. 5555513705 was admitted on an

28   emergency basis and treated in John Muir Medical Center's Trauma Intensive Care

2956 Complaint                        - 7 -    COMPLAINT FOR DAMAGES

1  Unit, whereby John Muir Medical Center rendered medically necessary care to
2  Patient No. 5555513705 and duly performed all obligations on its part pursuant to
3  Cal. Health & Safety Code §1371.4.

5       30.    Scios has denied payment to John Muir Medical Center for
6  emergency services and care the John Muir Medical Center rendered to Scios'
7  health plan enrollee, Patient No. 5555513705.

9       31.    Therefore, Scios violated Health & Safety Code §1371.4, and
10  John Muir Medical Center was damaged by that violation, in the amount of
11  $7,948.46, which represents the

13  **THIRD CAUSE OF ACTION**
14  (Intentional Interference With Contractual Relations)
15  (Against defendants CoreSource
16  (and/or including Does 13 through 25, inclusive))

18       32.    John Muir Medical Center incorporates by reference and re-
19  alleges paragraphs 1 through 20 here as though set forth in full.

21       33.    The PHCS Contract constituted a valid contract between John
22  Muir Medical Center and Scios.

24       34.    CoreSource was aware of the existence of the PHCS Contract,
25  and specifically knowledgeable that the PHCS Contract existed between John Muir
26  Medical Center and Scios.

28       35.    CoreSource improperly, unfairly, maliciously, fraudulently,

2956 Complaint        - 8 -    **COMPLAINT FOR DAMAGES**

1   and/or oppressively interfered in the aforementioned contractual relations between
2   John Muir Medical Center and Scios by convincing Scios to withhold full and
3   proper payment to John Muir Medical Center regarding Patient No. 5555513705.

5            36.     In reality, Scios had no right to withhold that proper payment to
6   John Muir Medical Center. John Muir Medical Center is informed and believes
7   and thereon alleges that CoreSource knew Scios had no such right and counseled
8   Scios to withhold full payment in the belief that John Muir Medical Center would
9   compromise the full amount of its claim simply due to a desire to avoid the
10  expense and effort needed to collect the proper amount due (and not because of
11  any substantive merit to CoreSource's counsel) and that CoreSource would be
12  compensated based upon a percentage of such ill-gotten gain, had John Muir
13  Medical Center capitulated.

15           37.     As a direct and proximate result of the aforementioned
16  intentional conduct, CoreSource induced Scios to abjure from its contractual duty
17  to fully pay John Muir Medical Center, as described above. Consequently, John
18  Muir Medical Center has suffered damages in the sum of $7,948.46.

20                              **PRAYER FOR RELIEF**

22  **WHEREFORE,** John Muir Medical Center prays for judgment as follows:

24  For the First and Second Cause of Action:

26          1.     for the principal sum of $7,948.46;

28          2.     for interest on such principal sum at the rate of fifteen percent

1 | (15%) per annum, pursuant to Cal. Health & Safety Code §1371;

2

3 | For the Third Cause of Action:

4

5 |         3.    for the principal sum of $7,948.46; and,

6

7 |         4.    for punitive damages pursuant to Cal. Civ. Code § 3294; and,

8

9 | For All Causes of Action;

10

11 |         5.    for attorney's fees;

12

13 |         6.    for all costs of suit incurred herein; and,

14

15 |         7.    for such other and further relief as the Court deems just and

16 | proper.

17

18 | Dated: 25 June 2007

19

20 |                STEPHENSON, ACQUISTO & COLMAN

21

22

23 |                    SUSAN HUA

24 |                   Attorneys for
JOHN MUIR HEALTH

25

26

27

28

2956 Complaint              - 10 -   COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Susan H. Hua, Esq., 243388<br>Stephenson, Acquisto & Colman<br>303 N. Glenoaks Blvd., Suite 700<br><br>Burbank, CA 91502 | |
| TELEPHONE NO.: 818-559-4477    FAX NO.: 818-559-5484 | |
| ATTORNEY FOR *(Name)*: Plaintiff | |

**FILED**

**2007 JUN 27 P 1: 29**

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA CALIF.

BY _____ Fax, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:    JOHN MUIR MEDICAL CENTER HEALTH vs. SCIOS, INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited  ☒ Limited<br>(Amount      (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **L07-03956**<br>JUDGE:<br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☒ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

**2.** This case ☐ is  ☒ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
    issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

**3.** Type of remedies sought *(check all that apply)*:
a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive

**4.** Number of causes of action *(specify)*: 3

**5.** This case ☐ is  ☒ is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 6/25/07

Susan H. Hua, Esq., 243388                    ▶
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 3.220, 3.400-3.403;
Standards of Judicial Administration, § 19

 

### Superior Court of California, County of Contra Costa

## NOTICE TO PLAINTIFFS
### In Limited Jurisdiction Civil Actions

## AFTER YOU FILE YOUR COURT CASE:

**1. Have the forms the clerk gives you served on all defendants in this case:**
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants (Local Court Form CV-659b)
   e. Blank: Case Management Statement (Judicial Council form CM-110)
   f. Blank: Issue Conference Statement (Local Court Form CV-659c)
   g. Blank: Stipulation to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-659d)
   h. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-659e)

> You may also fill out a Case Questionnaire for Limited Civil Cases (Judicial Council form DISC-010) to help organize your case information. If you do, then you must serve the completed form and a blank copy of the form on the defendant(s). Be sure to keep copies of everything you have served. You do not file this form at court.

**2.** Within 60 days of the date you filed the complaint **you must prove that the forms have been served on (delivered to) the defendants correctly** by filing the *Proof of Service* form (POS-040) (completed by the person who did the service) with the court

**3. Go to the case management conference on the date indicated on** The Notice of Case Management Conference.

**4. Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR information, visit *www.cc-courts.org/adr* or call (925) 957-5787.

**5. You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the Stipulation to Attend ADR and Continue First Case Management Conference 90 Days form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

### VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)

---

[1] *Health and Safety Code §11470 et seq.*
[2] *Including claims for emotional distress and/or wrongful death.*

CV-659a/Rev. 5-07

 

## Superior Court of California, County of Contra Costa

## NOTICE TO DEFENDANTS
### In Limited Jurisdiction Civil Actions

**YOU ARE BEING SUED.** The packet you have been served should contain:

- a.  The Summons
- b.  The Complaint
- c.  The Notice of Case Management Conference (shows hearing date and time)
- d.  Blank: Case Management Statement    (Judicial Council Form CM-110)
- e.  Blank: Issue Conference Statement    (Local Court Form CV-659c)
- f.  Blank: Stipulation to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-659d)
- g.  Alternative Dispute Resolution (ADR) Information sheet    (Local Court Form CV-659e)
- h.  Blank Case Questionnaire for Limited Civil Cases    (Judicial Council Form DISC-010)

      **NOTE:** If the plaintiff served a completed *Case Questionnaire* together with the blank form, you **must** fill out the blank form and serve it on the plaintiff.

---

  **WHAT DO I DO NOW?**  

### You must:

1.  **Prepare your response**    YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2.  **Complete the *Case Management Statement (CM-110)***

3.  **File and serve your court papers on time**    Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4.  **Prove you served your court papers on time**    by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that **must** be filed at the court within 60 days.

5.  **Go to court**    on the date and time given in the *Notice of Case Management Conference.*

6.  **Consider trying to settle your case before trial**    If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr or call (925) 957-5787.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

**COURT FEES:** You must pay court fees the first time you file your papers.  If you also file a motion, you must pay another fee.  If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:** Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

 

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an <u>ANSWER</u>.

2. If you have a claim in the same case against the plaintiff, you may file a <u>CROSS-COMPLAINT</u>.

3. If you want to ask the court to do something on your behalf, you may file a <u>MOTION</u> *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

> Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

> a. For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do <u>not</u> check number 2).
>
> b. For contract claims, use Judicial Council PLD-C-010 (do <u>not</u> check number 3a).
>
> c. Be sure to deny <u>every</u> claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #___ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

> a. For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.
>
> b. For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. <u>Demurrer</u> *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed);*
2. <u>Motion to Strike</u> *(the complaint is unclear; does not follow the law, "doesn't matter", etc.);*
3. <u>Motion to Transfer</u> *(the complaint is in the wrong court or there's a more appropriate court);*
4. <u>Motion to Quash Service of Summons</u> *(you were not legally served);*
5. <u>Motion to Stay</u> *(put the case on hold);* or
6. <u>Motion to Dismiss</u> *(stops the case).*

> **NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- **Lawyer Referral Service:** (925) 825-5700
- **Bay Area Legal Aid:** (800) 551-5554
- **Contra Costa County Law Library:**     Martinez: (925) 646- 2783          Richmond: (510) 374-3019
- **Ask the Law Librarian:** www.247ref.org/portal/access_law3.cfm

ATTORNEY OR PARTY WITHOUT ATTORNEY
address:

TELEPHONE NO:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

(Check one):

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:                    Time:                    Dept:                    Div:                    Room:
Address of court (if different from the address above):

INSTRUCTIONS:

1. Party or parties (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. Complaint and cross-complaint (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐

3.
   a. ☐
   b. ☐ The following parties named in the complaint or cross-complaint
       (1) ☐ have not been served (specify names and explain why not):

       (2) ☐

       (3) ☐

   c. ☐

4. Description of case
   a. Type of case in

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 2007]                    CASE MANAGEMENT STATEMENT

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

4. b. Provide a brief statement of the case, including any damages. (If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings.

☐ (If more space is needed, check this box and attach a page designated as Attachment 4b.)

5. Jury or nonjury trial
The party or parties request ☐ a jury trial ☐ a nonjury trial. (If more than one party, provide the name of each party requesting a jury trial.)

6. Trial date
   a. ☐ The trial has been set for (date):
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (if not, explain):

   c. Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):

7. Estimated length of trial
The party or parties estimate that the trial will take (check one):
   a. ☐ days (specify number):
   b. ☐ hours (short causes) (specify):

8. Trial representation (to be answered for each party)
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by (name):
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. Preference
   ☐ This case is entitled to preference (specify code section):

10. Alternative Dispute Resolution (ADR)
    a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by (date):
    c. ☐ The case has gone to an ADR process (indicate status):

CM-110 [Rev. January 1, 2007]

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.  The party or parties are willing to participate in:
(1) ☐ Mediation
(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
(4) ☐ Binding judicial arbitration
(5) ☐ Binding private arbitration
(6) ☐ Neutral case evaluation
(7) ☐ Other (specify):

e.  ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f.  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g.  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

11. Settlement conference
☐ The party or parties are willing to participate in an early settlement conference (specify when):

12. Insurance
a.  ☐ Insurance carrier, if any, for party filing this statement (name):
b.  Reservation of rights: ☐ Yes   ☐ No
c.  ☐ Coverage issues will significantly affect resolution of this case (explain):

13. Jurisdiction
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy   ☐ Other (specify):
Status:

14. Related cases, consolidation, and coordination
a.  ☐ There are companion, underlying, or related cases.
(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:
☐ Additional cases are described in Attachment 14a.
b.  ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

15. Bifurcation
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

16. Other motions
☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

CM-110 [Rev. January 1, 2007]   CASE MANAGEMENT STATEMENT

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated (specify):

**18. Economic Litigation**

a. ☐ This is a limited civil case and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

**22. Total number of pages attached (if any):** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          _____
(TYPE OR PRINT NAME)                 (SIGNATURE OF PARTY OR ATTORNEY)

_____          _____
(TYPE OR PRINT NAME)                 (SIGNATURE OF PARTY OR ATTORNEY)




### DO NOT FILE WITH THE COURT
#### THIS IS NOT AN ANSWER OR RESPONSE TO THE COMPLAINT

**DISC-010**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| PLAINTIFF *(Name):* | **CASE NUMBER** |
| DEFENDANT *(Name):* | |

## CASE QUESTIONNAIRE—FOR LIMITED CIVIL CASES
### (Under $25,000)

REQUESTING PARTY *(Name):*

RESPONDING PARTY *(Name):*

---

### —INSTRUCTIONS—

A. The purpose of the case questionnaire is to help the parties settle their differences without spending a lot of money. This is accomplished by exchanging information about the case early in the lawsuit. The exchange of case questionnaires may be started only by a plaintiff (or cross-complainant) in a limited civil case. The case questionnaire is optional, and if plaintiff (or cross-complainant) exercises the option, only this form may be used.

B. **Instructions for plaintiffs (and cross-complainants)**

1. Under Code of Civil Procedure section 93, a plaintiff (or cross-complainant) may serve a completed case questionnaire and a blank questionnaire with a complaint (or cross-complaint).

2. This is the only way you can require defendants (or cross-defendants) to serve you with a completed case questionnaire.

C. **Instructions for defendants (and cross-defendants)**

1. If you have been served with a completed case questionnaire by a plaintiff (or cross-complainant), then you must fill in the blank case questionnaire. Your completed case questionnaire must be served on that same plaintiff (or cross-complainant) with your answer to the complaint (or cross-complaint).

2. **THIS IS NOT AN ANSWER OR RESPONSE TO THE COMPLAINT.**

D. **Instructions for all parties**

1. **ALL QUESTIONS REFER TO THE INCIDENT OR AGREEMENT IN THIS LAWSUIT ONLY.**

2. Answer each question. If a question is not applicable, answer "NA."

3. Your answers are not limited to your personal knowledge, but you are required to furnish information available to you or to anyone acting on your behalf, whether you are a plaintiff, defendant, cross-complainant, or cross -defendant.

4. Type or legibly print your answer below each question. If you cannot completely answer a question in the space provided on the case questionnaire, check the "attachment" box and put the number of the question and the complete answer on an attached sheet of paper or form MC-025. You should *not* put part of an answer on the case questionnaire and part on the attachment. You may put more than one answer on each attached page.

5. When you have completed the case questionnaire, sign the verification and serve the original.

6. You may compel compliance with these requirements under Code of Civil Procedure section 93.

7. **DO NOT FILE THIS CASE QUESTIONNAIRE WITH THE COURT.**

Form Adopted for Mandatory Use
Judicial Council of California
DISC-010 [Rev. January 1, 2007]

**CASE QUESTIONNAIRE—FOR LIMITED CIVIL CASES**
**(Under $25,000)**

Page 1 of 4
Code of Civil Procedure, § 93
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

## DO NOT FILE WITH THE COURT

**DISC-010**

| PLAINTIFF *(Name)*: | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name)*: | |

### —QUESTIONS—

1. **FOR ALL CASES**

   a. State your name and street address.

   b. State your current business name and street address, the type of business entity, and your title.

   c. Describe in detail your claims or defenses and the facts on which they are based, giving relevant dates.

   ☐ See attachment for answer number 1c.

   d. State the name, street address, and telephone number of each person who has knowledge of facts relating to this lawsuit, and specify his or her area of knowledge.

   ☐ See attachment for answer number 1d.

   e. Describe each document or photograph that relates to the issues or facts. You are encouraged to attach a copy of each. For each that you have described but not attached, state the name, street address, and telephone number of each person who has it.

   ☐ See attachment for answer number 1e.

**CASE QUESTIONNAIRE—FOR LIMITED CIVIL CASES**
**(Under $25,000)**

 

**DO NOT FILE WITH THE COURT**                    **DISC-010**

| PLAINTIFF (Name): | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): | |

1. f. Describe each item of physical evidence that relates to the issues and facts; give its location; and state the name, street address, and telephone number of each person who has it.

☐ See attachment for answer number 1f.

g. State the name and street address of each insurance company and the number of each policy that may cover you in whole or part for the damages claimed.

☐ See attachment for answer number 1g.

2. FOR PERSONAL INJURY OR PROPERTY DAMAGE CASES

a. Describe each injury or illness that you received and your present complaints about each.

☐ See attachment for answer number 2a.

b. State the name, street address, and telephone number of each physician, dentist, or other health care provider who treated or examined you; the type of treatment; the dates of treatment; and the charges by each to date.

☐ See attachment for answer number 2b.

c. Itemize the medical expenses you anticipate in the future.

☐ See attachment for answer number 2c.

d. Itemize your loss of income to date, give the name and street address of each source, and show how the loss is computed.

☐ See attachment for answer number 2d.

## DO NOT FILE WITH THE COURT

**DISC-010**

| PLAINTIFF *(Name):* | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* | |

2. e. Itemize the loss of income you anticipate in the future, give the name and street address of each source, and show how the loss is computed.

☐ See attachment for answer number 2e.

f. Itemize your property damage, and state the amount or attach an itemized bill or estimate.

☐ See attachment for answer number 2f.

g. Describe each other item of damage or cost that you claim, and state the amount.

☐ See attachment for answer number 2g.

3. FOR CASES BASED ON AGREEMENTS

a. In addition to your answer to 1e, state all the terms and give the date of any part of the agreement that is not in writing.

☐ See attachment for answer number 3a.

b. Describe each item of damage or cost you claim, state the amount, and show how it is computed.

☐ See attachment for answer number 3b.

### VERIFICATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____          _____
(TYPE OR PRINT NAME)                          (SIGNATURE)

DISC-010 [Rev. January 1, 2007]    **CASE QUESTIONNAIRE—FOR LIMITED CIVIL CASES**    Page 4 of 4
**(Under $25,000)**



| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY/PRO PER FOR: | |

*Superior Court of California, County of Contra Costa*

☐ CONCORD   ☐ MARTINEZ   ☐ PITTSBURG   ☐ RICHMOND   ☐ WALNUT CREEK

PLAINTIFF:

DEFENDANT:

| **ISSUE CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|
| DATE: | DEPARTMENT: | TIME: |

Please provide a brief narrative statement regarding the following:

1) Description of your claims or defenses and facts and law on which they are based. Include extent of injuries, contentions regarding liability, any unusual evidentiary or legal issues anticipated at trial, and all matters of fact believed by any party to be appropriate for stipulation.

2) All witness lists, which includes a brief statement of anticipated testimony.

3) Has previously stated estimated length of trial changed? If yes, what is the estimated length of trial?

4) An exhibit list, which includes a description of each item.

5) A proposed statement of the case to be read to the jury.

Date: _____    _____    _____
                          **TYPE OR PRINT NAME**       **SIGNATURE OF PARTY OR PARTY'S ATTORNEY**

CV-69c/Rev. 05/2007



SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

JOHN MUIR VS. SCIOS

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSL07-03956

1. NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 12/12/07        DEPT: 22        TIME: 8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES. ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2. You may stipulate to an earlier Case Management Conference. If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3. You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4. At any Case Management Conference the court may make pretrial
orders including the following:

   a. an order establishing a discovery schedule
   b. an order referring the case to arbitration
   c. an order transferring the case to limited jurisdiction
   d. an order dismissing fictitious defendants
   e. an order scheduling exchange of expert witness information
   f. an order setting subsequent conference and the trial date
   g. an order consolidating cases
   h. an order severing trial of cross-complaints or bifurcating
      issues
   i. an order determining when demurrers and motions will be filed

### SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

   Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  06/27/07          _____

                                    J. FELIX, Deputy Clerk



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?* Call (925) 957-5787, or go to www.cc-courts.org/adr

### MEDIATION
Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION
Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

CV-659a/Rev. 05/2007



## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.



## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 3.900-3.910 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

CV-659a/Rev. 05/2007