Robert R. Pohls (California Bar #131021)
Jason G. Gong (California Bar #181298)
Stacey L. Leask (California Bar #233281)
**POHLS & ASSOCIATES**
12657 Alcosta Boulevard, Suite 150
San Ramon, California  94583
Telephone:  (925) 973-0300
Facsimile:  (925) 973-0330

Attorneys for Defendant **CoreSource, Inc.**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MUIR MEDICAL CENTER HEALTH, a California nonprofit public benefit corporation,<br><br>　　　　　Plaintiff,<br>　　vs.<br>SCIOS, INC, a California for profit corporation; CORESOURCE, INC. a Delaware for profit corporation; and DOES 1 THROUGH 25, INCLUSIVE,<br><br>　　　　　Defendants. | Case No. 3:07-CV-04416-EDL<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant CoreSource, Inc. ("CoreSource"), for itself and for no other person or entity, hereby answers the first amended complaint of plaintiff John Muir Medical Center Health ("John Muir") by admitting, denying and alleging as follows:

## ANSWER TO ALLEGATIONS RE PARTIES

　　　1.　　Answering paragraph 1 of the first amended complaint, CoreSource states that it is informed and believes, and on that basis admits the allegations set forth therein.

　　　2.　　Answering paragraph 2 of the first amended complaint, CoreSource states that it is informed and believes, and on that basis admits the allegations set forth therein.

　　　3.　　Answering paragraph 3 of the first amended complaint, CoreSource states that it is, and at all times mentioned in the first amended complaint was, a corporation, organized and

existing under the laws of the State of Delaware and having its principal place of business in the State of Illinois.

4.     Answering paragraph 4 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 4 of the first amended complaint.

5.     Answering paragraph 5 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 5 of the first amended complaint.

6.     Answering paragraph 6 of the first amended complaint, CoreSource states that it is, and at all times mentioned in the first amended complaint was, authorized to transact business in the Northern District of California. Answering the remaining allegations in paragraph 6 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every remaining allegation in paragraph 6 of the first amended complaint.

7.     Answering paragraph 7 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 7 of the first amended complaint.

## ANSWER TO ALLEGATIONS RE COMMON FACTUAL BACKGROUND

8.     Answering paragraph 8 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 8 of the first amended complaint.

9.     Answering paragraph 9 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 9 of the first amended complaint.

10.     Answering paragraph 10 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 10 of the first amended complaint.

11. Answering paragraph 11 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 11 of the first amended complaint.

12. Answering paragraph 12 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 12 of the first amended complaint.

13. Answering paragraph 13 of the first amended complaint, CoreSource admits that patient no. 5555513705 was admitted to the John Muir Medical Center on May 14, 2003. Answering paragraph 13 of the first amended complaint, CoreSource further admits that patient no. 5555513705 was discharged on May 17, 2003.  Except for those admissions, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every remaining allegation in paragraph 13 of the first amended complaint.

14. Answering paragraph 14 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 14 of the first amended complaint.

15. Answering paragraph 15 of the first amended complaint, CoreSource admits that John Muir's charges to patient no. 5555513705 for the period of May 14, 2003 through May 17, 2003 totaled $33,692.78.  Except for this admission, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every remaining allegation in paragraph 15 of the first amended complaint.

16. Answering paragraph 16 of the first amended complaint, CoreSource admits that it received a statement totaling $33,692.78 for medical services rendered by John Muir Medical Center to patient no. 5555513705 for the period of May 14, 2003 through May 17, 2003. Except for this admission, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every remaining allegation in paragraph 16 of the first amended complaint.

/ / /

17. Answering paragraph 17 of the first amended complaint, CoreSource admits that it caused a payment in the amount of $21,701.18 to be made to the John Muir Medical Center for medical charges incurred by patient no. 5555513705 for the period of May 14, 2003 through May 17, 2003. Except for this admission, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every remaining allegation in paragraph 17 of the first amended complaint.

18. Answering paragraph 18 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 18 of the first amended complaint.

19. Answering paragraph 19 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 19 of the first amended complaint.

20. Answering paragraph 20 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 20 of the first amended complaint.

## ANSWER TO FIRST CLAIM FOR RELIEF

21. Answering paragraph 21 of the first amended complaint, CoreSource incorporates by this reference its answers to paragraphs 1 through 20 of the first amended complaint, as if those answers were fully set forth herein.

22. Answering paragraph 22 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 22 of the first amended complaint.

23. Answering paragraph 23 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 23 of the first amended complaint.

24. Answering paragraph 24 of the first amended complaint, CoreSource admits that John Muir Medical Center has demanded that Scios pay an amount that it believes is

outstanding for medical services rendered to patient no. 5555513705 during the period of May 14, 2003 through May 17, 2003.

25. Answering paragraph 25 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 25 of the first amended complaint.

26. Answering paragraph 26 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 26 of the first amended complaint.

## ANSWER TO SECOND CLAIM FOR RELIEF

27. Answering paragraph 27 of the first amended complaint, CoreSource incorporates by this reference its answers to paragraphs 1 through 26 of the first amended complaint, as if those answers were fully set forth herein.

28. Answering paragraph 28 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 28 of the first amended complaint.

29. Answering paragraph 29 of the first amended complaint, CoreSource admits that patient no. 5555513705 was admitted to the John Muir Medical Center on May 14, 2003. Except for this admission, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every remaining allegation in paragraph 29 of the first amended complaint.

30. Answering paragraph 30 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 30 of the first amended complaint.

31. Answering paragraph 31 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 31 of the first amended complaint.

/ / /

## ANSWER TO THIRD CLAIM FOR RELIEF

32. Answering paragraph 32 of the first amended complaint, CoreSource incorporates by this reference its answers to paragraphs 1 through 31 of the first amended complaint, as if those answers were fully set forth herein.

33. Answering paragraph 33 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 33 of the first amended complaint.

34. Answering paragraph 34 of the first amended complaint, CoreSource states that it lacks sufficient information and belief for an answer to be made, and for that reason, denies each and every allegation in paragraph 34 of the first amended complaint.

35. Answering paragraph 35 of the first amended complaint, CoreSource denies each and every allegation in paragraph 35 of the first amended complaint.

36. Answering paragraph 36 of the first amended complaint, CoreSource denies each and every allegation in paragraph 36 of the first amended complaint.

37. Answering paragraph 37 of the first amended complaint, CoreSource denies each and every allegation in paragraph 37 of the first amended complaint.

## FIRST AFFIRMATIVE DEFENSE

### (ERISA Preemption)

38. Any state law claims for relief that may be set forth in plaintiff's first amended complaint are preempted by the Employee Retirement Income and Security Act of 1974 ("ERISA").

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

39. CoreSource is informed and believes, and on that basis alleges, that plaintiff's amended complaint and the purported claims for relief set forth therein are barred by the doctrine of estoppel.

/ / /

### THIRD AFFIRMATIVE DEFENSE

### (Waiver)

40. CoreSource is informed and believes, and on that basis alleges, that plaintiff's amended complaint and the purported claims for relief set forth therein are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

### (Laches)

41. CoreSource is informed and believes, and on that basis alleges, that it has been prejudiced by plaintiff's unreasonable delay in pursuing his claim for benefits under the Plan and/or in filing the amended complaint herein. Thus, CoreSource is informed and believes, and on that basis alleges, that plaintiff's amended complaint and the purported claims for relief set forth therein are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

### (Discretionary Authority and the Standard of Review)

42. The Plan gives the claim administrator discretionary authority to interpret the Plan and to determine a claimant's eligibility for benefits under the Plan. The decision to deny plaintiff's claim for benefits under the Plan therefore cannot be disturbed unless it was arbitrary and capricious.

### SIXTH AFFIRMATIVE DEFENSE

### (Decision Not Influenced by Serious Conflict of Interest)

43. The decision to deny plaintiff's claim for benefits under the Plan was not influenced by a serious conflict of interest. The decision to deny plaintiff's claim for benefits under the Plan therefore cannot be disturbed unless it was arbitrary and capricious.

### SEVENTH AFFIRMATIVE DEFENSE

### (No right to Trial by Jury)

44. Plaintiff is not entitled to a jury trial under ERISA.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

45. Plaintiff's first amended complaint fails to state a claim upon which relief can be granted against CoreSource.

## NINTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

46. The claims alleged in plaintiff's first amended complaint are barred by the applicable statute of limitation under the California Code of Civil Procedure.

## TENTH AFFIRMATIVE DEFENSE

### (Duty to Mitigate)

47. Plaintiff was bound to exercise reasonable care and diligence to avoid loss and to minimize its damages, if any there were, and plaintiff may not recover for losses which could have been prevented by reasonable efforts on its part.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Privilege)

48. The conduct of CoreSource, to and with reference to plaintiff, was privileged.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Liability for Act of Claims Decision-maker)

49. CoreSource, as the claims paying agent, is not liable for the employer's final claim decision to withhold payment from plaintiff of the amount in dispute.

WHEREFORE, defendant CoreSource prays for judgment as follows:

1. That plaintiff take nothing by reason of its amended complaint herein;
2. For its reasonable attorneys' fees and costs of suit incurred herein; and

/ / /

3. For such other and further relief as the court may deem just and proper.

Respectfully submitted,

**POHLS & ASSOCIATES**

_____
Robert R. Pohls
Jason G. Gong
Stacey L. Leask
Attorneys for Defendant **CoreSource, Inc.**

## PROOF OF SERVICE

**John Muir Medical Center Health v. Scios, Inc., et al.**
U.S. District Court, Northern District of California, Case No. 3:07-CV-04416-EDL

I, Robert R. Pohls, declare that I am over the age of eighteen years, and not a party to this action or proceeding. My business address is 12657 Alcosta Boulevard, Suite 150, San Ramon, CA 94583. On September 28, 2007, I caused the following document(s) to be served:

## ANSWER TO FIRST AMENDED COMPLAINT

⦿ in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Susan H. Hua, Esq.
**Stephenson, Acquisto & Colman**
303 North Glenoaks Boulevard #700
Burbank, California 91502-3226

Mark A. Neubauer, Esq.
**Steptoe & Johnson LLP**
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067-5052

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 28, 2007, at San Ramon, California.

_____
Robert R. Pohls