Robert R. Pohls (California Bar #131021)
Stacey L. Leask (California Bar #233281)
**POHLS & ASSOCIATES**
12657 Alcosta Boulevard, Suite 150
San Ramon, California  94583
Telephone:  (925) 973-0300
Facsimile:  (925) 973-0330

Attorneys for Defendant **CoreSource, Inc.**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MUIR MEDICAL CENTER HEALTH, a California nonprofit public benefit corporation,<br><br>            Plaintiff,<br>    vs.<br><br>SCIOS, INC, a California for profit corporation; CORESOURCE, INC. a Delaware for profit corporation; and DOES 1 THROUGH 25, INCLUSIVE,<br><br>            Defendants. | Case No. 3:07-CV-04416-EDL<br><br>**JOINT RULE 26(f) REPORT AND CASE MANAGEMENT STATEMENT** |

### JURISDICTION AND VENUE

This action represents John Muir Health[1] doing business as John Muir Medical Center's attempt to recover an alleged underpayment of the benefits due under a group health plan. CoreSource contends that Scios, Inc. sponsored and fully-funded that plan. CoreSource provided administrative services for that plan.

CoreSource asserts that jurisdiction exists under 29 U.S.C. Section 1331 because the claims in this case relate to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA). Scios has made no such contention and

---

[1] Plaintiff filed a Notice of Errata Re Amended Complaint with the Court on September 27, 2007 in order to correct the clerical error made in Plaintiff's Complaint and Amended Complaint regarding Plaintiff's proper legal name. Should the Court find the Notice of Errata insufficient, Plaintiff shall amend the pleadings to reflect Plaintiff's proper legal name as "John Muir Health."

**JOINT RULE 26(f) REPORT AND CASE MANAGEMENT STATEMENT**
Case No. 3:07-CV-04416-EDL                                                                                          Page 1

had no role in removing this action to federal court.  Plaintiff disputes CoreSource's assertion that the claims in this case relate to an employee welfare benefit plan governed by ERISA and plans to file a motion for remand after meeting and conferring with the defendants' attorneys.

At this time, all parties have been served, and none of the parties anticipated joining additional parties to this action.

## **BRIEF DESCRIPTION OF UNDERLYING ACTION**

A. Plaintiff's Position and Scios' Position.

Plaintiff John Muir Health d/b/a John Muir Medical Center ("JMMC") is a qualified healthcare provider in the business of providing medical services, and is licensed by the State of California to operate as a hospital.  JMMC contends that the medical services it rendered to B. Broker were authorized by defendant CoreSource, Inc. pursuant to a contractual arrangement each party had with Private Health Care Systems ("PHCS") and a telephone conversation between a JMMC administrator and a representative of CoreSource.  CoreSource contends that it administered claims on behalf of its principal, Scios, Inc. ("Scios").

CoreSource further contends that any obligation to pay benefits for the medical services rendered to B. Broker is set forth, and limited to, the terms and conditions of Scios, the employer group policy that sponsored the health insurance coverage provided to B. Broker.

Following treatment, JMMC submitted its claim for payment to defendants.  JMMC contends that Scios breached the parties' agreements by underpaying the balance due, and JMMC now seeks the balance of the underpayment made by Scios pursuant to the parties' agreements and under California statute.  JMMC contends that CoreSource has interfered with JMMC's ability to obtain payment from Scios.  Scios contends that it was not properly notified of the underpayment.

The parties disagree on whether the medical services provided to B. Broker by JMMC were contractually authorized pursuant to the parties' contract with PHCS or were reasonable or necessary.  The defendants disagree on whether CoreSource was merely administering claims on Scios' behalf and on whether CoreSource properly carried out its duties pursuant to

**JOINT RULE 26(f) REPORT AND CASE MANAGEMENT STATEMENT**
Case No. 3:07-CV-04416-EDL                                                                                                         **Page 2**

its relationship with Scios.  Scios also contends JMMC's claims are barred by the statute of limitations.

### B.   CoreSource's Position.

On May 14, 2003, Beauregard Broker struck a deer while driving his motorcycle.  He was airlifted to John Muir Medical Center, where he received a total of $33,692.78 in medical care and services.

At the time, Mr. Broker was a participant in a group health plan that was sponsored by his employer (Scios, Inc.).  In part, the plan states that "[a]ll benefits for services or treatment rendered by a network provider will be paid directly to the provider."  Accordingly, John Muir Medical Center made a request that the plan pay for the medical care and services it had provided to Mr. Broker.

After attempting to discount those charges as directed by Private Healthcare Systems (PHCS), CoreSource caused Scios, Inc. to pay John Muir Medical Center $21,701.18 toward the value of the medical care and services it had provided to Mr. Broker. CoreSource contends that the initial payment actually represented $1,042.16 more than the amount payable in light of the discounts PHCS had identified.  However, PHCS later prepared a Hospital Claim Adjustment Notice which indicated that a different discount rate should have been applied (since the medical care and services related to a trauma).  According to that Hospital Claim Adjustment Notice, 88% of the full amount (or $29,649.64) should have been paid to John Muir Medical Center.

This action therefore represents John Muir Medical Center's attempt to recover an alleged underpayment of benefits in the amount of $7,948.46.

## ANTICIPATED MOTIONS

### A.   Plaintiff's Position.

Plaintiff contends that ERISA does not apply and that the matter is governed by California state law.  Thus, Plaintiff anticipates filing a motion to remand.  Pursuant to Local

Rule 7-3, counsels are in the process of meeting and conferring with respect to Plaintiff's planned Motion for Remand.

### B. CoreSource's Position.

If Plaintiff's motion for remand is denied, CoreSource anticipates filing a motion for summary judgment and/or for judgment on the administrative record.

### C. Scios' Position.

Plaintiff has stated that it will be challenging the Court's jurisdiction by filing a Motion for Remand. Scios is contemplating a motion to dismiss based upon the Statute of Limitations bar.

## AMENDMENT OF PLEADINGS

The parties do not presently intend to amend the pleadings. However, pending the Court's approval of the sufficiency of Plaintiff's Notice or Errata Re Amended Complaint filed on September 27, 2007, Plaintiff shall seek to amend Plaintiff's legal name as identified on its Complaint and Amended Complaint to reflect Plaintiff's proper legal name. Scios and CoreSource are still evaluating the propriety of filing counterclaims for contribution and/or indemnity. The parties therefore propose that the deadline for amending the pleadings and/or their claims and defenses be set for no sooner than January 31, 2008.

## ALTERNATIVE DISPUTE RESOLUTION

The parties have filed a Stipulation and Proposed Order Selecting the following ADR process: Mediation.

## INITIAL DISCLOSURES

The parties have agreed to exchange their respective initial disclosures within 15 days of the submission of this report.

////

////

# DISCOVERY

A.  Plaintiff's Position and Scios' Position.

Plaintiff and Scios agree to the following discovery plan: Fact discovery, including subpoenas for documents, document requests, depositions, interrogatories, requests for admissions and depositions, to be completed by mid-March 2008; expert disclosures to be exchanged in mid-April 2008; expert discovery to be completed by the end of April 2008.

B.  CoreSource's Position.

CoreSource asserts that, because the claims in this case relate to an ERISA plan which gave Scios, Inc. "final discretionary authority to determine questions of eligibility and status and to interpret and construe plan terms," evidence that is extrinsic to the administrative record is inadmissible and any discovery with respect to the merits of John Muir Medical Center's claim for benefits under the plan would be improper. See, e.g., *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943-944 (9th Cir. 1995); See also, *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006). Plaintiff and Scios dispute that assertion and plan to conduct certain fact discovery (including subpoenas, document requests, interrogatories, requests for admissions and depositions).

Plaintiff submits that discovery should be completed by mid-March 2008. Defendants submit that, because this Court has not yet decided the jurisdictional issue plaintiff plans to raise in its motion for remand or whether the parties may conduct discovery of any kind, additional time may be required for the parties to complete any discovery that the Court may allow in this case.

Plaintiff also proposes that the parties exchange expert disclosures in mid-April 2008. Because CoreSource contends that evidence which is extrinsic to the administrative record is inadmissible, CoreSource submits that there is no need for the parties to exchange expert disclosures. For the reasons summarized above,

CoreSource also submits that additional time may be required for the parties to exchange any expert disclosures that the Court may allow in this case.

## SETTLEMENT

The parties have filed a Stipulation and Proposed Order Selecting the following ADR process:  Mediation.

## TRIAL SCHEDULE

The parties agree that this matter should be tried to the Court without a jury.  Richard A. Lovich and Susan Hua will serve as trial counsel for plaintiff.  Christian A. Jordan will serve as trial counsel for Scios, Inc.  Robert R. Pohls will serve as trial counsel for CoreSource.

Plaintiff and Scios request a pretrial conference in mid- to late-May 2008 and that the Court set the trial of this action to begin on or after June 15, 2008.  CoreSource submits that, in lieu of setting a pretrial conference and selecting a trial date, the Court should direct the parties to file cross-motions for summary judgment and/or judgment on the administrative record.

*STEPHENSON, ACQUISTO & COLMAN*

DATED:  November 27, 2007        By: /S/  Susan Hua
_____
Susan Hua
Attorneys for Plaintiff
**John Muir Medical Center Health**

*STEPTOE & JOHNSON, LLP*

DATED:  November 27, 2007        By: /S/  Christian A. Jordan
_____
Christian A. Jordan
Attorneys for Defendant
**Scios, Inc.**

*POHLS & ASSOCIATES*

DATED:  November 27, 2007        By:  /S/ Robert R. Pohls
_____
Robert R. Pohls
Attorneys for Defendant
**CoreSource, Inc.**

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.  In addition the Court orders:

*[The Court may wish to make additional orders, such as:*

*(a)     Referral of the parties to court or private ADR process;*

*(b)     Schedule a further Case Management Conference;*

*(c)     Schedule the time and content of supplemental disclosures;*

*(d)     Specially set motions;*

*(e)     Impose limitations on disclosure or discovery;*

*(f)     Set time for disclosure of identity, background and opinions of experts;*

*(g)     Set deadlines for completing fact and expert discovery;*

*(h)     Set time for parties to meet and confer regarding pretrial submissions;*

*(i)     Set deadline for hearing motions directed to the merits of the case;*

*(j)     Set deadline for submission of pretrial material;*

*(k)     Set date and time for pretrial conference;*

*(l)     Set a date and time for trial.]*

Dated:  November __, 2007

_____
United States District/Magistrate Judge